**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DAVID ALSTON,** | **Civil Action No. 16-3455 (KSH)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

This matter has been opened to the Court by David Alston's filing of an amended motion to vacate pursuant 28 U.S.C. § 2255. For the reasons below, the Court denies the amended motion and also denies a certificate of appealability.

## I.      FACTUAL BACKGROUND & PROCEDURAL HISTORY

On January 5, 2006, Alston was charged, along with 17 codefendants, in a 68-count third superseding indictment with multiple counts of racketeering, racketeering conspiracy, and various other offenses, including violent crimes in aid of racketeering, offenses related to firearms, and a heroin distribution conspiracy. (*See* Crim No. 03-cr-844 (KSH), Dkt. No. 229; *see also* Final Presentence Report, dated April 11, 2007 ("PSR"), ¶ 8.)

On September 21, 2006, Alston pleaded guilty to Count Two of the third superseding indictment, charging him with racketeering in violation of Title 18, United States Code, Section 1962(c). (*See* Crim No. 03-cr-844 (KSH), Dkt. No. 624; *see also* PSR ¶ 8.) The racketeering activity contained in Count Two reflected four substantive offenses, specifically two attempted murders, one murder, and the heroin conspiracy. (PSR ¶ 264.)

Although the U. S. Probation Office set forth in the PSR that Alston was a career offender, that determination did not impact the calculation of Alston's base offense level because his base offense level of 43 exceeded the career offender offense level of 37 prescribed by U.S.S.G. § 4B1.1. (*See* PSR ¶ 298.)

Similarly, Alston had 25 criminal history points, which yielded a criminal history category of VI, regardless of his career-offender classification. (PSR ¶ 336.) After adjusting the total offense level to 40, as a result of Alston's guilty plea and consistent with the parties' plea agreement (PSR ¶ 259(13)), Probation calculated the guidelines range to be 360 months to life. (PSR ¶ 360.)

On April 19, 2007, this Court sentenced Alston to 250 months' imprisonment followed by five years of supervised release. This sentence reduced a 300 month sentence by 50 months to reflect state prison time that Alston served for aggravated manslaughter, an adjustment within the Court's authority under U.S.S.G. §5G1.3(d). (*See* 03-cr-844 (KSH), Dkt. No. 624.)

On June 13, 2016, Alston filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Alston argued that his career-offender designation was invalid in light of *Johnson v. United States*, 576 U.S. 591 (2015), which struck down as unconstitutionally vague the residual clause of the Armed Career Criminal Act of 1984 ("ACCA). Alston contended that *Johnson* also invalidated the residual clause of the career offender definition in U.S.S.G. § 4B1.2(a)(2). On March 8, 2017, he submitted a letter seeking to amend his § 2255 motion to include an additional claim premised on *Mathis v. United States*, 579 U.S. 500 (2016). (*See* ECF No. 5.)

The government opposed, arguing that the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), barred relief under *Johnson*. (ECF No. 7.) The Court agreed with the government, dismissed Alston's motion, and denied a certificate of appealability ("COA").

(ECF No. 8 at 1.) The decision also gave Alston an additional 30 days to amend his motion "to fully explain the basis of any potential *Mathis* claim." (*Id.* at 2 (internal citations omitted).) On October 30, 2017, Alston filed an amended motion and the government filed a response.[1] (ECF Nos. 9-10.)

## II.    STANDARD OF REVIEW

Under § 2255, a federal prisoner may move to vacate, set aside, or correct his federal sentence if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court lacked "jurisdiction to impose" the sentence; (3) the sentence exceeded "the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted).

## III.    DISCUSSION

Probation determined that Alston qualified as a career offender based on his two aggravated assault convictions in 2001, a designation he again challenges in his amended

---

[1] The government filed its answer more than four years after Alston submitted his amended motion. The docket does not provide an explanation for the delay.

motion. *See* PSR ¶ at 298; *see also* ¶¶ 322-328. As relevant here, a defendant is a career offender

under the Guidelines if he or she "has at least two prior felony convictions of either a crime of

violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Alston contends that his New

Jersey convictions for aggravated assault do not qualify as predicate offenses for the career-

offender enhancement in light of the Supreme Court's decision in *Mathis v. U.S.*, 579 U.S. 500

(2016).

In *Mathis*, the Supreme Court held that an Iowa state burglary conviction did not qualify

as generic burglary under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),

because the elements of the Iowa statute were broader than those of generic burglary.[2] 579 U.S.

at 520. In so holding, the Court resolved "a Circuit split over whether ACCA's general rule—

that a defendant's crime of conviction can count as a predicate only if its elements match those

of a generic offense—gives way when a statute happens to list various means by which a

defendant can satisfy an element." *Id.* at 508. The Supreme Court reaffirmed that courts must

compare only elements to determine whether a crime matches the generic offense:

> Our precedents make this a straightforward case. For more than 25
> years, we have repeatedly made clear that application of ACCA
> involves, and involves only, comparing elements. Courts must ask
> whether the crime of conviction is the same as, or narrower than,
> the relevant generic offense. They may not ask whether the
> defendant's conduct—his particular means of committing the
> crime—falls within the generic definition. And that rule does not
> change when a statute happens to list possible alternative means of
> commission: Whether or not made explicit, they remain what they

---

[2] The Supreme Court considered an Iowa burglary statute that covered "any building, structure,
... land, water or air vehicle, or similar place adapted for overnight accommodation of persons [or
used] for the storage or safekeeping of anything of value." Iowa Code § 702.12 (2013). The Iowa
burglary statute defined burglary to require "enter[ing] an occupied structure," Iowa Code §
713.1, and gave as examples of an occupied structure "any building, structure, [or] land, water,
or air vehicle," *id.* § 702.12. Thus, the element for burglary was an occupied structure and the
means were any building, structure, or land, water, or air vehicle.

> ever were—just the facts, which ACCA (so we have held, over and
> over) does not care about.

*Id.* at 519. The *Mathis* Court reviewed its existing precedent in detail and clarified when courts

must use the "categorical approach" and "modified categorical approach" to determine whether

the elements of the crime of conviction match the elements of the generic crime. *See Mathis*, 579

U.S. at 504-506.

Although Alston was not convicted under the ACCA, courts use a similar analysis to

determine whether a previous conviction is a predicate offense for career-offender enhancement

under § 4B1.2(a)(1). *See, e.g.*, *United States v. Abdullah*, 905 F.3d 739, 744-46 (3d Cir. 2018)

(holding on direct appeal that defendant's prior conviction for third-degree aggravated assault

with a deadly weapon, in violation of New Jersey law, qualified as predicate "crime of violence,"

under the elements clause of the career offender sentencing guideline). In his amended motion,

Alston appears to argue that his aggravated assault convictions do not qualify as predicate

offenses because New Jersey's assault statute sweeps more broadly than the generic offense and

because assault is not categorically a crime of violence.

But *Mathis* is not applicable here in light of the Third Circuit's precedential decision in

*United States v. Folk*, 954 F.3d 597, 600, 609 (3d Cir. 2020), which affirmed the denial of a §

2255 motion challenging a sentence based on an incorrect career-offender designation under the

advisory Sentencing Guidelines because such a "claim is not cognizable under 28 U.S.C. §

2255[.]" *Folk* holds that a § 2255 motion may provide a remedy for a nonconstitutional

sentencing error in two circumstances. *Id.* at 602 (citing *United States v. Doe*, 810 F.3d 132, 155

(3d Cir. 2015)). First, a flawed sentence is cognizable in a § 2255 motion "if a sentencing error

resulted in "an omission inconsistent with the rudimentary demands of fair procedure." *Id.*

(quoting *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (citation omitted). Second, a

sentencing error is cognizable if it constitutes "a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Id.* A misapplication of the career-offender Guidelines is neither "a prejudicial *procedural* error," *id.* at 604 (emphasis in original), nor "a fundamental defect that inherently results in a complete miscarriage of justice."[3] *Id.* The Third Circuit gave four rationales for its reasoning: "(1) the lawfulness of a sentence within the statutory limit; (2) the advisory nature of the Guidelines; (3) an interest in finality; and (4) a concern about workable standards." *Id.* The court noted, significantly, that "[t]here is no manageable limit to the types of sentencing errors that would be cognizable under § 2255 if an incorrect career-offender enhancement were found to be cognizable." *Id.* at 606. The Third Circuit's unambiguous holding in *Folk* thus forecloses any avenue of relief on this claim.

Moreover, even if Alston could challenge his career-offender status in a § 2255 motion, his claim fails on the merits. As the government argues and the record makes clear, Alston's Guidelines exposure was due to his base offense level and his 25 criminal history points and not his career-offender classification, which definitively did *not* affect his advisory Guidelines range.

For these reasons, the Court denies the amended motion. The Court also denies a certificate of appealability ("COA") because reasonable jurists would not find the Court's assessment debatable. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability is warranted "only if the

---

[3] The Third Circuit also distinguished *United States v. Doe*, 810 F.3d 132, 160 (3d Cir. 2015), in which the court held that an incorrect career-offender designation under the *mandatory* Guidelines is a fundamental defect inherently resulting in a complete miscarriage of justice cognizable under § 2255. *See Folk*, 954 F.3d at 607-08; *see also United States v. Booker*, 543 U.S. 220, 246 (2005) (making the Guidelines advisory).

applicant has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV.     CONCLUSION

For the reasons explained herein, the Court denies the amended motion and denies a COA. An appropriate order follows.


*s/Katharine S. Hayden*
KATHARINE S. HAYDEN
United States District Judge



DATED: February 27, 2023.